# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MELISSA L. LOHMAN & ROBERT LOHMAN,

    Plaintiffs,

v.

BENEFICIAL FINANCIAL I, INC., et al.,

    Defendants.

Case No. 1:17cv342

Judge Michael R. Barrett

## OPINION AND ORDER

This matter is before the Court on Defendants Beneficial Financial I, Inc. ("Beneficial"), and Household Realty Corporation's ("HRC") (collectively, "Defendants") Motion to Dismiss Complaint Pursuant to Fed. Civ. R. Proc. 12(b)(6). (Doc. 4). Plaintiffs Robert and Melissa Lohman (collectively, "Plaintiffs") filed a response in opposition (Doc. 7), and Defendants filed a reply. (Doc. 8). In addition, Plaintiffs, believing that Defendants raised new arguments in their reply brief, filed a Motion for Leave to File a Sur-Reply. (Doc. 9). Defendants did not substantively oppose Plaintiffs' Motion (Doc. 9), though they do raise a couple of additional points in their response (Doc. 12). This matter is now ripe for review.

### I.    BACKGROUND

Plaintiffs entered into a mortgage loan agreement in December 2000. (Doc. 1, PageID 3). The loan was owned and serviced by Defendant Beneficial (Id. at PageID 3-4). In July 2014, Plaintiffs sough a loan modification, but their request was denied because Plaintiffs' "disposable income exceeded the modification guidelines." (Doc. 4-2, PageID 33).

On July 25, 2015, Plaintiffs sent a Qualified Written Request and Notice of Error

("QWR") to Defendants requesting certain information related to the mortgage.[1] (Doc. 1, PageID 4). Pursuant to the Real Estate Settlement and Procedures Act ("RESPA"), Defendants were required to provide the identity and contact information of the owner of Plaintiffs' loan within 10 business days of receiving the QWR. 12 U.S.C. § 2605(e).

Defendants responded on August 8, 2016 (Doc. 4-2, PageID 32). Defendants identified HFC as "[t]he current note holder and servicer of the loan," and provided the mailing address for any subsequent QWRs. (Id.). In addition, Defendants provided Plaintiffs copies of 1) the Mortgage; 2) the Loan Repayment and Security Agreement; 3) the Notice of Right to Cancel; 4) the Property Tax & Homeowners Insurance Notice; and 5) the Servicing Transfer & Disclosure Statement. (Doc. 4-2). Defendants denied Plaintiffs' request for written correspondence or other communications, categorizing this information as "confidential, proprietary, and/or privileged information." (Doc. 4-2, PageID 32-33). Plaintiffs' request for a "copy of all appraisals,

---

[1] The QWR requested the following information: 1) the name, address, and telephone number of the owner of the not, plus the name of the master servicer; 2) the current physical location of the note; 3) duplicates of any copies of the original note; 4) the date the current note holder acquired the note and mortgage, and from whom they were acquired; 5) the date Defendants began servicing the loan; 6) a complete payment history of how payments and charges were applied, including the amounts applied to principal, interest, escrow, and other charges; 7) The current interest rate on this loan and an accounting of any adjustments; 8) a statement of the amount necessary to reinstate the loan; 9) a complete copy of the loan closing documents, including a copy of the note and mortgage documents showing transfers of the right to service the note and mortgage; 10) a copy of all appraisals, property inspections, and risk assessments completed for this account; 11) A copy of all invoices for legal fees charged to the account; 12) a written statement and supporting documents explaining ow the escrow was calculated prior to the [Plaintiffs] entering into this loan, how the escrow was calculated immediately after the [Plaintiffs] entered into this loan, and how the escrow is currently calculated. Please include the initial escrow account statement and each of the annual escrow account statements for this loan, pursuant to 24 CFR 3500.17; 13) a copy of all written correspondence [Defendants] sent to the [Plaintiffs] from December 6, 2000 to present that addresses the [Plaintiffs] alleged delinquency or default on the Mortgage Loan; 14) a copy of all written correspondence, call logs, servicing logs, or audio recording that informed the [Plaintiffs] of any mortgage assistance available, including but not limited to any application or documents referencing potential loan modifications, HAMP modifications, deeds in lieu, short sales, or cash for keys; 15) a copy of all written correspondence, servicing logs, or audio recording that includes information relating to your efforts to evaluate the [Plaintiffs] for loss mitigation options, including but not limited to any application or documents referencing potential loan modifications, HAMP modifications, deeds in lieu, short sales, or cash for keys; 16) a copy of all written correspondence, servicing logs, internal communications logs, or policies and procedures that includes information regarding your efforts to verify the authenticity of the [Plaintiffs'] note and mortgage, including any indorsements or allonges; 17) copy of a new loss mitigation application; and 18) [Defendants'] preferred address for receiving QWRs and notices of errors, if it differs from the address this QWR was sent to.

property inspections, and risk assessments completed for this account," also went unanswered, but without an accompanying explanation. (Id.).

Plaintiffs bring the following claims against Defendants: (1) Violation of 12 U.S.C. §§ 2605(e) and 2605(k) of the Real Estate Settlement Procedures Act ("RESPA"), and 12 C.F.R. §§ 1024.35 and 1024.36 of Regulation X; (2) Violation of 15 U.S.C. § 1641(f)(2) of the Truth in Lending Act ("TILA"). Defendants move to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD

A claim for relief requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). When reviewing a Fed. Civ. R. Proc. 12(b)(6) motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, this Court does not "need to accept as true legal conclusions couched as factual allegations." *Campbell v. Nationstar Mortg.*, 611 Fed. App'x 288, 291 (6th Cir. 2015). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III. ANALYSIS

Plaintiffs did not attach a copy of the QWR or Defendants' response thereto to their Complaint. Defendants, however, attached the QWR and Defendants' response to its Motion. (Docs. 4-1, 4-2). This Court may consider "exhibits attached to defendant's motion to dismiss so

long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430 (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Because there is no question the attached documents are central to Plaintiffs' claims, the Court will consider them.

### 1. **RESPA**

Pursuant to RESPA, QWR is "a correspondence that identifies a borrower's account and includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." *Valandingham v. Springleaf Fin. Servs.*, 2016 U.S. Dist. LEXIS 150434, at *4 (S.D. Ohio Oct. 31, 2016). RESPA requires a mortgage servicer to do one of the following upon receipt of a QWR: 1) correct the errors identified in the QWR; or 2) provide the borrower with a written explanation or clarification stating that the servicer believes the account is accurate. 12 U.S.C. § 2605(e)(2). Moreover, RESPA requires certain information related to loan servicing to be provided to the borrower. 12 C.F.R. § 1024.36(f). Mortgage loan servicers who fail to adequately respond to a QWR risk liability for damages under RESPA. *Id.*

A claim under RESPA can survive a 12(b)(6) dismissal when an entity fails to respond to a valid QWR. *E.g.*, *Moore v. Caliber Home Loans*, *Inc.*, 2015 U.S. Dist. LEXIS 117737, *17-21 (S.D. Ohio, Sept. 3, 2015). Plaintiffs do not dispute that Defendants properly responded to their notice of error within the QWR. (Doc. 7, PageID 93). Therefore, the plausibility of this claim only concerns the latter part of § 2605(e)(1)(B)(ii) – that is, whether the Plaintiffs sufficiently alleged that Defendants failed to properly respond to its requests for information.

Despite Plaintiffs' attempts in the Complaint to frame the Defendants as nonresponsive (Doc. 1, PageID 5-6), the exhibits tendered by Defendants speak for themselves. *See Schmelzer*,

2017 U.S. Dist. LEXIS 101110 at *5. Thus, to the extent Plaintiffs' factual allegations are contradicted by the exhibits properly before this Court, Plaintiffs' allegations "are not well-pleaded facts" and the Court has no obligation to accept them as true. *Schmelzer v. Huntington Bancshares Fin. Corp.*, 2017 U.S. Dist. LEXIS 101110, *5 (S.D. Ohio, June 29, 2017) (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997)).

Defendants contend they did comply with the requirements under RESPA and Regulation X, and argue their response to Plaintiffs' QWR demonstrates as such. (Doc. 4, PageID 6-7). The Court agrees.

The crux of Plaintiffs' RESPA claim rests on Plaintiffs' request for the following documents: (1) a loss mitigation application, (2) copies of "appraisals, property inspections, and risk assessments," and (3) the date Beneficial began servicing the note. The Court addresses each of Plaintiffs' requests in turn.

First, RESPA requires loan servicers to consider "a single complete loss mitigation application," and does not extend this obligation to successive or duplicative requests. *Brimm v. Wells Fargo Bank, N.A.*, 688 Fed. App'x 329, 331 (6th Cir. 2017). Plaintiffs' first loan modification request was denied in 2014. Therefore, Defendants' nonproduction of a loss mitigation application is an insufficient basis for an alleged RESPA claim.

Second, appraisals and property inspections fall outside the scope of RESPA because such documents do not relate to the servicing of the loan. *See Stewart v. Fannie Mae*, 2015 U.S. Dist. LEXIS 132317, *7 (E.D. Mich., Sept. 30, 2015) (holding that the obligation to answer only attaches to those requests within a valid QWR that relate to the servicing of the loan); *see also Watson v. Bank of Am., N.A.*, 2016 U.S. Dist. LEXIS, *22-23 (S.D. Cal., June 30, 2016) (finding requests for appraisals and inspections to be unrelated to servicing).

Finally, despite Plaintiffs' contention that Defendants did not provide information related to the date of servicing, the document titled "Servicing Transfer Disclosure Statement" was clearly provided in Defendants' response. (Doc. 4-2, PageID 72).

Upon review, the Court finds Defendants properly responded to Plaintiffs' requests for information as required under RESPA. Accordingly, Plaintiffs fail to state a claim under RESPA.

2. **TILA**

TILA provides in relevant part, "upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." 15 U.S.C. § 1641(f)(2). Defendants move for dismissal, arguing the TILA claim is necessarily connected to the RESPA claim; the Court disagrees.

RESPA and TILA claims are not interdependent. The Sixth Circuit has held that, "TILA is a remedial statute and should be given 'a broad, liberal construction in favor of the consumer.'" *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 714 (6th Cir. 2013) (quoting *Clemmer v. Key Bank Nat'l Ass'n*, 539 F.3d 349, 353 (6th Cir. 2008)). This includes imposing liability for "[e]ven technical or minor violations of the Act." *Weeden v. Auto Workers Credit Union, Inc.*, 1999 U.S. App. LEXIS 5272, *11-12 (6th Cir., Mar.19, 1999).

Courts in this district have found that a servicer's failure to provide the requested telephone number violates § 1641(f)(2). *See e.g., Bucy v. PennyMac Loan Servs.*, LLC, 2016 U.S. Dist. LEXIS 136306, *21 (S.D. Ohio, Sept. 30, 2016); *Richard v. Caliber Home Loans, Inc.*, 2017 U.S. Dist. LEXIS 161569, *34-37 (S.D. Ohio, Sept. 29, 2017).

Plaintiffs' QWR requested the "name, address, and *telephone number* of the owner of [the Plaintiffs'] note, plus the name of the master servicer. . ." (Doc. 4-1, PageID 27) (emphasis added). Upon review, Defendants provided the current name and mailing address of the note holder and servicer – HRC. Noticeably absent from Defendants' response, however, was the phone number. While Defendants' response included a phone number for Jim Ikonomou, a "Mortgage Serviving Specialist," he is not the owner of the loan. "TILA requires the name and address of the owner, not the contact information of a note owne"'s surrogates, assignees, or agents." *Richard*, 2017 U.S. Dist. LEXIS 161569, *37.

Accordingly, construing the Complaint in the light most favorable to Plaintiffs and accepting its allegations as true, Plaintiffs state a claim under § 1641(f)(2).

## IV. CONCLUSION

Consistent with the foregoing, Plaintiffs' Motion for Leave to File a Sur-Reply (Doc. 9) is **GRANTED**. Defendants' Motion to Dismiss (Doc. 4) is **GRANTED IN PART AND DENIED IN PART**. Count One is hereby **DISMISSED**. Count Two remains.

**IT IS SO ORDERED.**

  s/*Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court